Rosa, Juana, Belén, Mercedes, Adela y María Carreras y Freyre, demandantes y apeladas, *v.* José E. Pérez y su esposa Camelia Paoli y Hernández & Hnos., demandados y apelantes. Rosa, Juana, Belén, Mercedes, Adela y María Carreras y Freyre, demandantes y apeladas, *v.* José E. Pérez y su esposa Camelia Paoli y María y Severo Candelario Becerril, demandados y apelantes.

Nos. 4542 y 4543.—*Sometidos:* Enero 17, 1930. *Resueltos:* Mayo 29, 1931.

*J. Tous Soto, P. Amado Rivera y J. Pérez Cordero,* abogados de los apelantes; *A. Marín Marién,* abogado de las apeladas.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Estos son dos casos que se tratan conjuntamente, según todas las partes han entendido.

En un pleito de reivindicación, los demandantes alegaron, y durante el juicio lograron demostrar, que su causante era dueño de una finca en Santurce, lindante por el norte con Joaquín Villamil y otro; por el este, con el Municipio y otras personas; por el oeste con José Conrado Hernández; y por el sur con varias personas que es innecesario mencionar. Que es innecesario mencionar, decimos, porque la prueba revela que los terrenos al norte de tales lindes dejaron de pertenecer enteramente a los demandantes o a. cualquiera de sus predecesores en título. La finca descrita mostraba al inscribirse en el registro una cabida de 8,050 metros con 43 centímetros cuadrados. Se admite que a virtud de ventas, varias parcelas fueron segregadas de la finca principal hasta que el predio se redujo a no más de 3,836 metros 62 centímetros cuádrados. Los demandantes alegaron, y la corte resolvió, que los demandados estaban en posesión de unos 614 metros cuadrados pertenecientes a los demandantes. La porción reclamada en estos dos pleitos linda por el norte con el Hospital Municipal, y por el este en parte también con el mismo hospital. Por el oeste linda

con la Avenida José de Diego; y por el sur con Josefina Rivera y la prolongación de la Avenida Antonsanti. Ahora, si bien la descripción de la finca principal colocaba a Joaquín Villamil al norte, la prueba tendió a demostrar que él adquirió terrenos de Carreras, predecesor en título de los demandantes, y los cedió al Municipio o. al hospital. De suerte que los lindes nórticos de la finca de los demandantes son casi como lindes naturales.

La corte resolvió que los demandantes han identificado suficientemente su finca. No sólo se probó la colindancia septentrional y parte de la colindancia oriental, sino que los apelados demostraron que puede esperarse que Josefina Rivera se hallara al sur con motivo de ciertas compras hechas a Carreras, de quien arranca el título de los demandantes. Una discusión adicional de la prueba puede hallarse en la opinión de la corte de distrito.

Convenimos con los apelados en que no favorece a los apelantes entregarse a especulaciones en el sentido de que la finca de los demandantes se redujo por concesiones para calles, como la Avenida de Diego, reduciéndose así la tenencia total de los demandantes a la nada. Cuando, sin embargo, la corte hizo una relación de la prueba que tendía a demostrar la identificación, incumbía a los apelantes demostrar que esa apreciación era errónea. Dejaron de hacer esto. No hallamos que la corte considerara prueba que ella había resuelto era inadmisible.

No hallamos que sean sostenibles los varios señalamientos de error tendentes a probar que no se le debió dar peso al testimonio de tal o cual testigo. O no se hizo objeción a la declaración, o era inadmisible bajo un principio de reputación o algo similar, v.g., Wigmore, pár. 1586.

■ Una vez inscrito el título del predecesor de los demandantes, el peso de la prueba recaía sobre los demandados para establecer que la inscripción no había sido hecha debidamente.

■ Los apelantes muy correctamente sostienen que el

peso de la prueba recaía sobre los demandantes, y que éstos no podían confiar en que los demandados dejaran de establecer su propio título. Los actores no descansaron en la carencia de título de los demandados. No obstante, éstos alegaron afirmativamente en su contestación que su título procedía de determinada fuente. La prueba no justificó esta alegación de origen. Esa falta es, o una admisión, o prueba circunstancial para por lo menos fortalecer la posición de los demandantes.

■ El demandado Pérez no puede alegar que es un tercero. El tenía conocimiento de la reclamación de los demandantes, había pensado en adquirir de ellos, y compró con sus ojos abiertos. Sabía que sus supuestos antecesores en título habían cercado los terrenos reclamados.

■ Respecto a la alegación de tercero bajo la ley hipotecaria, todos los demandados pudieron averiguar haciendo el más leve examen del registro que la descripción hecha al inscribirse la finca era nueva y repentina, de todo punto inconexa con cualquiera inscripción anterior.

No vemos motivo alguno para intervenir con la discreción de la corte al imponer las costas.

Hemos cubierto directa o indirectamente los distintos señalamientos de error discutidos, y *debe confirmarse la sentencia recurrida.*